UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**In re:**

**Kimball Hill, Inc.,** *et al.***,**

    **Debtors,**
_____

**KHI LIQUIDATION TRUST,**

    **Plaintiff,**

v.                                                                                  Case No.: 8:17-mc-131-T-35AAS

**G. STONE CONSTRUCTION, INC.,**

    **Defendant.**
_____/

**ORDER**

    Judgment assignee SMS Financial J, LLC ("SMS") moves for an order invoking supplementary proceedings in this action, impleading third party, Gene Stone Construction, LLC ("Gene Stone"), and for issuance of a notice to appear. (Doc. 2).

**I.     BACKGROUND**

    The United States Bankruptcy Court for the Northern District of Illinois entered judgment (the "Judgment") in favor of KHI Liquidation Trust ("KHI") against G. Stone Construction, Inc. in the Chapter 11 case *In re: Kimball Hill, Inc., et al.,* N.D. Ill. Bankr. Case No. 08-10095. (Doc. 1). KHI assigned its rights, title, and interest in the Judgment to SMS, and the Bankruptcy Court entered an Assignment of Judgment. (*Id.*). SMS then filed a judgment lien certificate with Florida's Secretary of State ("Judgment Lien Certificate"). (Doc. 2, Ex. A).

1

SMS's manager declares that G. Stone Construction, Inc. has failed to satisfy the Judgment. (Doc. 2, Ex. B ¶ 7). SMS points out that the State of Florida administratively dissolved G. Stone Construction, Inc. for failure to file its 2015 annual report. (Doc. 2 ¶ 6; Doc. 2, Ex. C). Prior to the administrative dissolution of G. Stone Construction, Inc., however, Mr. Gene Stone (the President of G. Stone Construction, Inc.) formed Gene Stone Construction, LLC, and named himself as the sole Authorized Managing Member. (Doc. 2, Ex. D). In addition, Gene Stone Construction, LLC shares G. Stone Construction, Inc.'s principal and mailing addresses, the same address for their registered agents, and the registered agent for G. Stone Construction, Inc. appears to be the sole member of the limited liability company acting as the registered agent for Gene Stone Construction, LLC. (*Id.*, Exs. C-D). SMS asserts that Gene Stone Construction, LLC is "a continuation or alter ego" of G. Stone Construction, Inc. and that G. Stone Construction, Inc. transferred its assets to Gene Stone Construction, LLC in an effort to hinder and delay SMS's ability to recover on the Judgment. (Doc. 2, ¶¶ 8, 15-19).

SMS seeks an order initiating proceedings supplementary to execution, impleading Gene Stone Construction, LLC as a supplemental defendant in execution of the Judgment, and issuing a Notice to Appear to Gene Stone Construction, LLC. (Doc. 2, pp. 6-7). SMS further requests that Gene Stone Construction, LLC be added to the Judgment so that its assets may be used to satisfy the Judgment. (*Id.*, ¶ 20).

## II.     ANALYSIS

The court has jurisdiction to enforce a judgment pursuant to 28 U.S.C. § 1963. Under that statute, "[a] judgment in an action for the recovery of money or property entered in any court of appeals, district court, [or] bankruptcy court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of

the time for appeal . . . ." 28 U.S.C. § 1963.  Here, KHI registered a certified copy of the Judgment entered by the bankruptcy court with this court.  (Doc. 1).  Specifically, the bankruptcy court certified that the filing was a true and correct copy of the Judgment and that no party appealed the Judgment.  (*Id*.).  With this registration, the Judgment has "the same effect as a judgment of the district court of the district where registered and may be enforced in like manner," and this procedure "is in addition to other procedures provided by law for the enforcement of judgments." 28 U.S.C. § 1963.

Under Federal Rule of Civil Procedure 69, the procedure for executing on a money judgment and in proceedings supplementary to and in aid of execution "must accord with the procedure of the state where the court is located," unless a federal statute applies.  Fed. R. Civ. P. 69(a)(1).  Here, SMS argues that Florida law governing proceedings supplementary, Section 56.29 of the Florida Statutes, provides for the relief SMS requests in the motion.  (Doc. 2)

### A. Proceedings Supplementary

Under Florida law, judgment creditors who file a motion and an affidavit stating that they hold an unsatisfied judgment or judgment lien are entitled to proceedings supplementary to execution. Fla. Stat. § 56.29(1). Therefore, all that is required to initiate proceedings supplementary is that "the judgment creditor have an unsatisfied judgment and file an affidavit averring that the judgment is valid and outstanding." *Fundamental Long Term Care Holdings*, *LLC v. Estate of Jackson ex rel. Jackson-Platts*, 110 So. 3d 6, 8 (Fla. 2d DCA 2012); *Longo v. Associated Limousine Servs., Inc.*, No. 4D17-516, 2018 WL 527016, at *3 (Fla. 4th DCA Jan. 24, 2018) ("[B]ecause the judgment creditor submitted a motion and affidavit in compliance with section 56.29(1), the trial court erred in denying proceedings supplementary altogether.").

3

Here, SMS's manager declares that G. Stone Construction, Inc. has failed to satisfy the Judgment, and that the Judgment and Judgment Lien Certificate "remain valid, outstanding, and unsatisfied." (Doc. 2, Ex. B ¶¶ 6-7). Accordingly, SMS is entitled to proceedings supplementary to execution, and the motion is granted as to this request.

### B.     Issuing a Notice to Appear

Section 56.29(2) of the Florida Statutes "governs the process for bringing third parties into proceedings supplementary." *Longo*, 2018 WL 527016, at *3, *4; *see Kennedy v. RES-GA Lake Shadow, LLC*, 224 So. 3d 931, 933 (Fla. 1st DCA 2017) (citations omitted) ("After a party initiates proceedings supplementary, a creditor may pursue assets held by the debtor, assets of the debtor held by another, or assets that have been fraudulently transferred to another. But the rights of any third party interest-holders must be accounted for by impleading them into the proceeding and allowing them to defend their interests.").

The applicable statute requires the judgment creditor to, either in the initial motion and affidavit or in a supplemental affidavit, "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment." Fla. Stat. § 56.29(2); 2016 Fla. Sess. Law Serv. Ch. 2016-33 (C.S.S.B. 1042) (West) (amending the former version of Section 56.29(2), which provided that when the filings required by Section 56.29(1) were made, "the court shall require the defendant in execution to appear before it or a general or special magistrate at a time and place specified by the order in the county of the defendant's residence to be examined concerning his or her property"). Upon filing of this motion and affidavit, the court shall issue a notice to appear, which "must describe with reasonable

4

particularity the property, debt, or other obligation that may be available to satisfy the judgment." Fla. Stat.. § 56.29(2).

Here, the motion and affidavit of SMS's manager (Doc. 2, Ex. B) lack any description of Gene Stone Construction, LLC's property that may be applied toward the satisfaction of the Judgment required by Section 56.29(2). Accordingly, the statutory requirements, as amended in 2016, have not been met for the court to issue a notices to appear to Gene Stone Construction, LLC. *Longo*, 2018 WL 527016, at *4 (holding that the trial court properly refused to issue Notices to Appear where the motion and affidavit failed to describe the judgment debtor's property subject to execution). Therefore, SMS's requests for the court to implead Gene Stone Construction., LLC and to issue a Notice to Appear is denied without prejudice to SMS to include the required property descriptions in a supplemental affidavit. Fla. Stat. § 56.29(2), (providing that the judgment creditor shall provide the property description in the motion, in the affidavit filed with the motion "or in a supplemental affidavit"); *Longo*, 2018 WL 527016, at *5 (affirming the trial court's refusing to issue Notices to Appear, but explaining that the court's "affirmance on this issue is without prejudice to the judgment creditor inquiring further into the assets of the judgment debtor and submitting a supplemental affidavit in compliance with section 56.29(2)").[1]

### C.     Remaining Requests

SMS requests that the Judgment be amended to add Gene Stone Construction, LLC "so that its assets may be executed upon to satisfy the aforementioned Judgment." (Doc. 2, ¶ 17).

---

[1] As recently explained by the *Longo* court, "in cases alleging alter ego liability, the description requirement of Section 56.29(2) is satisfied if the judgment creditor describes any property of an alter ego of the judgment debtor not exempt from execution in the hands of any person, or any property, debt, or other obligation due to an alter ego of the judgment debtor which may be applied toward the satisfaction of the judgment," and need not "identify property that had been transferred to the impleader defendants." *Longo*, 2018 WL 527016, at *5.

Section 56.29(9) allows the court to "entertain claims concerning the judgment debtor's assets brought under chapter 726 and enter any order or judgment, including a money judgment against any initial or subsequent transferee, in connection therewith, irrespective of whether the transferee has retained the property," which is commenced "by a supplemental complaint and served as provided by the rules of civil procedure." Fla. Stat. § 56.29(9).

The court has the power to order any property of Gene Stone Construction, LLC be levied upon to satisfy the Judgment, even if the property is "in the hands of or under the control of any person subject to the Notice to Appear." Fla. Stat. § 56.29(6) ("The court may order any property of the judgment debtor, not exempt from execution, or any property, debt, or other obligation due to the judgment debtor, in the hands of or under the control of any person subject to the Notice to Appear, to be levied upon and applied toward the satisfaction of the judgment debt."). Further, the court can void fraudulent transfers of personal property "and direct the sheriff to take the property to satisfy the execution." *Id.* § 56.29(3)(b). However, "there is a difference between proceeding under Florida Statutes § 56.29 and Chapter 726 to undo a fraudulent transfer of assets and, what seems to be the primary relief sought here, seeking a judgment of liability against the implead parties for existing federal judgments." *Am. Home Assurance Co. v. Weaver Aggregate Transp., Inc.*, No. 5:10-CV-329-OC-32PRL, 2018 WL 829126, at *2 (M.D. Fla. Feb. 12, 2018).

Accordingly, SMS must clarify whether it "seeks to impute liability for the underlying judgments directly on the impleaded parties, as distinguished from liability merely for the value of transferred assets." *Id.* Finally, SMS's request for an award of reasonable attorney's fees and costs against G. Stone Construction, Inc., pursuant to Section 56.29(8), is denied without prejudice.

6

### III. CONCLUSION

Accordingly, after due consideration, it is **ORDERED** that SMS's Motion for Proceedings Supplementary to Execution, to Implead Third Party, and for Issuance of Statutory "Notice to Appear" is **GRANTED in part and DENIED in part**, as follows:

(1) The motion is granted as to SMS's entitlement to proceedings supplementary to execution.

(2) The motion is denied as to SMS's request for the court to issue Notices to Appear without prejudice to SMS to file a renewed motion attaching a supplemental affidavit that contains the property descriptions required by Section 56.29(2). SMS also shall attach a proposed Notice to Appear with updated property descriptions to the renewed motion.

(3) SMS's remaining requests are denied without prejudice.

**ORDERED** in Tampa, Florida, on this 8th day of March, 2018.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge